UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUIS G. MARTINEZ,

      Petitioner,      **No. 04-CV-6506(VEB)**
 -vs-             **DECISION AND ORDER**

ANTHONY F. ZON, Superintendent,

      Respondent.

**I. Introduction**

  Petitioner Luis G. Martinez ("Martinez") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court following a guilty plea to four felonies in satisfaction of two six-count indictments charging him with first degree robbery and related charges. As grounds for habeas relief Martinez asserts that (1) the trial court abused its discretion in refusing to rule on two *pro se* speedy trial motions and deprived him of his due process rights; (2) the indictment was jurisdictionally defective with regard to the February 25, 1997 burglary charge and should have been dismissed; (3) trial counsel was ineffective in failing to move to dismiss the indictment on, *inter alia*, speedy trial grounds; and (4) appellate counsel was ineffective in failing to raise the foregoing issues on direct appeal. *See* Docket No. 1. Martinez now moves this Court for an evidentiary hearing on his habeas petition and for the appointment of counsel. *See* Docket Nos. 11 & 12. Respondent has opposed both applications. *See* Docket No. 13.

**II. Discussion**

  **A. Appointment of counsel**

  Martinez claims that he needs the assistance of counsel because he is a layman and

1

because of the complexity of the claims now raised in this matter; he also indicates that his own efforts to obtain counsel have been unsuccessful and attaches several letters reflecting this to his application. The Court commends Martinez's initiative in attempting to find counsel on his own. However, the Supreme Court has clearly held that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding by the court "if the interests of justice so require." Habeas petitioners who qualify under the Criminal Justice Act are entitled to counsel only as a matter of right if an evidentiary hearing is required, *see* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, as are indigent petitioners who seek to vacate or set aside a sentence of death, *see* 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

　　　Appointment of counsel for indigent litigants in civil cases, such as habeas petitioners, is within the judge's discretion. *See Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986); *see also In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed Martinez's application for counsel in light of the factors required by law as set forth by the Second Circuit in *Hodge* and does not believe that it would be an appropriate exercise of its discretion to appoint counsel in the present case. First, Martinez's habeas claims appear to be ones which can be addressed and reviewed solely by means of the state court records. Therefore, it does not appear at this time that he requires the assistance of counsel to present the claims raised in his habeas petition. Furthermore, as will be discussed further below, there is no showing at this time that an

evidentiary hearing is required, nor is Martinez seeking to vacate or set aside a sentence of death. In addition, Montgomery has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time.

### B. Evidentiary hearing

Martinez asserts that he is entitled to an evidentiary hearing because there are "several factual matters that need to be resolved concerning the grounds raised in the habeas corpus petition." Martinez does not specify what these factual matters are, which witnesses he would call at the hearing, or what testimony he would intend to elicit from them. As respondent points out, Martinez's claims appear to be capable of being decided solely on the parties' submissions to the Court. Martinez has not come forward with evidence demonstrating a genuine issue of material fact and, at this time, the Court believes that further fact-finding on his habeas claims is unnecessary. Regardless of whether his request is evaluated under 28 U.S.C. § 2254(e)(2) or under the pre-AEDPA standards, Martinez has not made the showing necessary to entitle him to an evidentiary hearing. *Accord Ruine v. Walsh*, No. 00 Civ. 3798(RWS), 2005 WL 1668855, at *5 (S.D.N.Y. July 14, 2005) (comparing *Townsend v. Sain*, 372 U .S. 293, 312 (1963) (holding, in the pre-AEDPA context, that an evidentiary hearing must be held in a habeas proceeding "[w]here the facts are in dispute" and where the habeas applicant did not receive a full and fair evidentiary hearing in state court), with *Thompson v. Bell*, 315 F.3d 566, 595 (6th Cir.) (holding that a petitioner was "not entitled to an evidentiary hearing under [28 U.S.C.] § 2254(e) [of AEDPA] because he failed to present any evidence demonstrating a genuine issue of material fact"), *rev'd on other grounds*, 545 U.S. 794 (2005).

### III.   Conclusion

For the foregoing reasons, Martinez's motion for the appointment of counsel and for an evidentiary hearing (Docket Nos. 11, 12) are **DENIED**. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. See 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:    March 25, 2008
          Rochester, New York.