UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS G. MARTINEZ,

                Petitioner,

    -vs-

ANTHONY ZON,

              Respondent.
_____

**DECISION AND ORDER**
**No. 04-CV-6506(VEB)**

## INTRODUCTION

*Pro se* petitioner Luis Martinez ("Martinez" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody as a result of an unconstitutional state-court criminal conviction.  The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

Under Erie County Indictment No. 97-0526-001, petitioner was charged as an accessory with two counts of Robbery in the First Degree (N.Y. Penal Law §§ 160.15(1), (2); 20.00), two counts of Assault in the First Degree (N.Y. Penal Law §§ 120.10(1), (4); 20.00), Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law §§ 265.03, 20.00) and Grand Larceny in the Third Degree (N.Y. Penal Law §§ 155.35, 20.00). The charges arose from petitioner's participation in a robbery on February 25, 1997 at a Tops Supermarket in the City of Tonawanda. Erie County Indictment No. 97-2578-001 charged Martinez as an accessory with Attempted Robbery in the First Degree (N.Y. Penal Law §§ 110.00, 160.15(4), 20.00), Conspiracy in the Fourth Degree (N.Y. Penal Law § 105.10(1)), Robbery in the First Degree

-1-

(N.Y. Penal Law §§ 160.15(4), 20.00) and Grand Larceny in the Fourth Degree (N.Y. Penal Law §§ 155.30, 20.00). The charges in the second indictment were based on petitioner's alleged participation in a robbery at a Tops Supermarket in the City of Buffalo on December 20, 1996.

Martinez pled guilty on July 15, 1998, in Erie County Court (DiTullio, J.) to first degree robbery and attempted first degree robbery in satisfaction of Indictment No. 97-2578-001 and to first degree robbery in satisfaction of Indictment No. 97-0526-001. As a condition of the plea bargain, Martinez waived his right to appeal. The trial court subsequently sentenced petitioner as a second violent felony offender to consecutive fifteen year terms on the first degree and attempted first degree robbery convictions, with a term of seven years on the remaining robbery conviction to run concurrently thereto. Thus, his aggregate sentence totaled thirty (30) years.

On direct appeal, appellate counsel raised one ground–that petitioner's sentence was harsh and excessive. The Appellate Division, Fourth Department unanimously affirmed the conviction. *People v. Martinez*, 278 A.D.2d 952 (App. Div. 4th Dept.). The New York Court of Appeals denied leave to appeal.

Proceeding *pro se*, Martinez filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in the trial court alleging that trial counsel was ineffective in failing to move to the dismiss the indictments upon statutory speedy trial grounds (C.P.L. § 30.30(1)); that several counts of the first indictment relating to the robbery on January 24, 1997, were improperly re-submitted to the grand jury; and that the trial court did not have jurisdiction over the matter because of alleged defects in the grand jury proceeding. The trial court held that "[a]ll of the relevant proceedings germane to the defendant's contentions, including arraignments, motions, pretrial conferences, plea and sentence appearances, are

matters of record." County Court's Order Denying C.P.L. § 440.10 Motion ("440.10 Order") at 3, submitted as part of Respondent's Exhibit ("Resp't Ex.") C. Hence, the trial court found, the "record contain[ed] sufficient facts to have permitted the defendant to obtain appellate review of both the claims of ineffective assistance of counsel and lack of personal jurisdiction." *Id.* However, because Martinez did not raise these issues on direct appeal, the trial court held that his motion had to be denied pursuant to C.P.L. § 440.10(2)(c). *Id.* Furthermore, Martinez's appellate-rights waiver, the validity of which he never has challenged, precluded him from challenging alleged defects in the grand jury. *Id.* (citation omitted). The trial court then considered Martinez's § 440.10 claims substantively and found them all lacking in merit. *Id.* at 3-4. The trial court, in denying these claims when raised in support of the C.P.L. § 440.10 motion, found that in addition to being procedurally barred as a result of both C.P.L. § 440.10(2)(c) and Martinez's appellate-rights waiver, they were wholly without merit. First, on the facts of Martinez's case, the trial court found that a speedy trial dismissal motion would not have succeeded, and trial counsel was not ineffective in "failing to bring what would have been an unsuccessful motion." § 440.10 Order at 4 (citation omitted). Second, the trial court found "no merit" to his argument that trial counsel was ineffective in failing to contest the validity of the indictment with which petitioner's two co-defendants were charged; because Martinez was not also charged under that indictment, he had no standing to attack the integrity of the grand jury proceedings relating thereto. Finally. the trial court rejected Martinez's allegation that the grand jury that handed up the indictment charging the co-defendants returned a "no true" bill with regard to the February 25, 1997 robbery–for which Martinez had been previously charged under a different indictment. The court found it to be "pure speculation, unsupported by the

record, and an allegation for which [he] provide[d] no documentation." Leave to appeal denial

of the C.P.L. § 440.10 motion was denied by the Appellate Division.

Martinez thereafter filed a *pro se* application for a writ of error *coram nobis* alleging a

"legal impediment & jurisdictional violation pursuant to CPL 210.20 Subd. 1(H)". The Appellate

Division summarily denied the *coram nobis* application, and leave to appeal to the New York

Court of Appeals also was denied.

This federal habeas petition (Docket No. 1) followed. Respondent filed an answer and

memorandum of law in opposition (Docket Nos. 8 & 9), and petitioner filed a memorandum of

law in traverse (Docket No. 10).

For the reasons that follow, the petition is dismissed.

## DISCUSSION

### *Legal Principles Applicable to Habeas Petitions*

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court

may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding." *Id.* § 2254(d)(2). "A federal court may not grant a writ of habeas corpus to a

state prisoner 'unless it appears that the applicant has exhausted the remedies available in the

courts of the State, or that there is either an absence of available State corrective process or the

existence of circumstances rendering such process ineffective to protect the rights of the

prisoner.'" *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054

(1995) (quoting 28 U.S.C. § 2254(b)). A petitioner must have presented the substance of his

federal claims to the highest court of from which review of them may be obtained in order to

fulfill the exhaustion requirement. *Id.* (citations omitted). In the past, if a federal habeas petition

contained unexhausted claims, federal courts were instructed to dismiss it without prejudice to

re-file. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (cited in *Bossett*, 41 F.3d at 828). Under

AEDPA's revisions to the habeas statute, federal courts now have the authority to *deny* a petition

containing unexhausted claims on the merits. *See* 28 U.S.C. § 2254(b)(2). With regard to an

unexhausted claim for which the habeas petitioner no longer has "remedies available" in the state

courts within the meaning of 28 U.S.C. § 2254(b), the federal court will "deem" the claim

exhausted. *Bossett*, 41 F.3d at 828 (citing *inter alia*, *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir.

1991) (other citations omitted). Typically, however, the same procedural default that gives rise to

statutory exhaustion prevent the habeas court from addressing the merits of the claims, except

upon a showing of cause for the default and actual prejudice to the petitioner. *Bossett*, 41 F.3d at

829 (citations omitted).


### *Analysis of the Petition*

### Ground One

On the form habeas petition, under "Ground one," Martinez has typed, "Conviction was

obtained by plea of guilty which was unlawfully induced. SEE ATTAHED [sic] SHEET

(15)(16)." Petition at 7, ¶22A (Docket No. 1). Martinez has never challenged the voluntariness

of his guilty plea in state court–he did not move to withdraw his plea, and did not assert this

issue on direct appeal, in his C.P.L. § 440.10 motion, or in his *coram nobis* application. The

failure to raise this  issue before the Court of Appeals precludes further consideration in the New York courts because Martinez has already made the one request for leave to appeal to which he is entitled,  N.Y. Court Rules § 500.10(a), and he may not seek collateral review of the voluntariness of his plea in a C.P.L. § 440.10 motion because it could have been raised on direct appeal, N.Y. Crim. Proc. Law § 440.10(2)(c) (barring collateral review if claim could have been raised on direct review but was not). Because it would thus be fruitless to require petitioner to pursue exhaustion of Ground one in state court, the claim is deemed exhausted.

Not only is any purported claim relating to the voluntariness of petitioner's guilty plea unexhausted and procedurally defaulted, it is too vague to state a colorable claim for relief, since Martinez has not asserted any claims in support of it in his papers submitted to this Court. For all of the above reasons, Ground one must be dismissed.

### Ground Two

As "Ground two," Martinez alleges "DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL." His supporting facts are that "[c]ounsel failed to submit mtions [sic] on speedy trial; failed to follow up on two sppedy [sic] trial motion [sic] submitted by petitioner; failed to challenge the jurisdictional defect and legal impediment issue[.]" Petition at 8, ¶22B (Docket No. 1).

A defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including the privilege against compulsory self-incrimination, the right to confront one's accusers, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable

doubt, *id.*; *accord*, *e.g.*, *Miller v. Angliker*, 848 F.2d 1312, 1319 (2d Cir.), *cert. denied*, 488 U.S. 890, (1988).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*[*v. Richardson*, 397 U.S. 759, 771, 763 (1970)].

*Tollett v. Henderson*, 411 U.S. at 267; *accord United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996); *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea.").

Martinez contends that although the indictments were subject to dismissal upon statutory speedy trial grounds, trial counsel failed to file dismissal motions and failed to "follow up" on petitioner's *pro se* speedy trial motions. Martinez also argues that trial counsel erred in failing to move to dismiss the indictments based on errors in the grand jury proceedings that handed down the indictments.

All of Martinez's claims of ineffective assistance of trial counsel are barred under *Tollett v. Henderson* because the substance of the claims does not relate to the voluntariness of Martinez's guilty plea. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (citing *United States v. Coffin*, 76 F.3d at 497; *Tollett v. Henderson*, 411 U.S. at 267). *Accord*, *e.g.*, *Smith v. Burge*, No. 03 Civ.8648 RWS., 2005 WL 78583, at *7-8 (S.D.N.Y. Jan.12, 2005) ( "First, Smith

has waived any pre-plea ineffective assistance claim [based on the holding in *Tollett v. Henderson*]; consequently, to the extent his argument concerns the purported failure of trial counsel to raise [a legal] defense prior to his plea, his claim is not cognizable." ); *Schwartz v. Connell*, No. 05 Civ. 10305(RPP), 2006 WL 3549660, *5 (S.D.N.Y. Dec. 6, 2006) ( "Petitioner argues that [trial counsel's] not moving to dismiss the charges did affect his plea because had he known of this 'prosecution-ending' motion, he would not have pled guilty. A motion to dismiss for a duplicitous indictment is similar to a speedy trial motion in that both can result in a dismissal of charges against the defendant. Both errors, however, are rendered irrelevant in the face of defendant's plea of guilty since this admission is, in most cases, convincing factual evidence of actual guilt." ); *Vasquez v. Parrott*, 397 F. Supp.2d 452 (S.D.N.Y. 2005) ( "The petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea." ); *Pryor v. McCoy*, No. 96 Civ. 1810, 1997 WL 436809, at *1 (N.D.N.Y. July 25, 1997) (Pooler, J.) ( "An unconditional guilty plea . . . waives ineffective assistance of counsel claims except as they relate to the voluntary nature of a plea." ). In the present case, as in *Torres*, petitioner's claims of ineffectiveness ascribed to his trial attorney are barred under *Tollett v. Henderson* because the substance of those claims do not relate to the voluntariness of his plea or the advice he received with regard to pleading guilty. *See United States v. Torres*, 129 F.3d at 715. Accordingly, Ground Two must be dismissed.

## Ground Three

Under Ground three of the form petition, petitioner simply states, "SEE ATTACHED

SHEET (20)." Petition at 8, ¶22C (Docket No. 1). There is no "SHEET (20)" attached to the petition; nor is there a page 20 to petitioner's traverse/memorandum of law. This claim is as dismissed because it is too vague to state a colorable ground for relief.

### Ground Four

Martinez filed two *pro se* motions to dismiss the indictments based on the alleged violation of his New York state statutory right to a "speedy trial". Before the trial court issued rulings on these motions, Martinez pled guilty. In his traverse/memorandum of law (Docket No. 10), as the basis for Ground Four, Martinez asserts that the trial court erred in failing to rule on these *pro se* motions. As respondent points out, this is unexhausted because Martinez did not present to the state courts his claim that the trial judge erred in failing to decide the speedy trial motions. The claim must, however, be deemed exhausted but procedurally defaulted because it would be dismissed under C.P.L. § 440.10(2)(c) if Martinez attempted to raise it in another § 440.10 motion to vacate the judgment. Furthermore, it is also barred as a result of petitioner's guilty plea, which operates as a waiver any statutory speedy trial violation. *People v Love*, 236 A.D.2d 488, 488 (App. Div. 2d Dept. 1997); *see also United States v. Doyle*, 348 F.2d 715, 718-19 (2d Cir. 1965). Because Martinez can demonstrate neither cause for the default, nor prejudice ensuing therefrom, habeas review of the claim is precluded. I note that as respondent points out, trial counsel's alleged ineffectiveness cannot does not constitute "cause" in the present case to excuse the default because Martinez has failed to show that his statutory speedy trial claim was meritorious. Furthermore, petitioner's claim of ineffective assistance cannot serve as "cause" because it has been procedurally defaulted due to the trial court's reliance upon C.P.L. § 440.10(2)(c) as an adequate and independent state ground for dismissal. *See Edwards v.*

*Carpenter*, 529 U.S. 446 (2000) (holding that to constitute "cause", a claim attorney ineffectiveness must be true, constitutionally deficient representation, and it also must be a separately exhausted claim). Accordingly, Martinez's claim that the trial court failed to hold a hearing on, or issue a ruling with regard to, his claim of a violation of his statutory right to a speedy trial must be dismissed.

## Ground Five

Petitioner, in his traverse memorandum of law, contends that he was denied effective assistance of appellate counsel due to counsel's failure to have raised the issue of trial counsel's representation at trial–specifically, trial counsel's failure to press allegedly meritorious issues regarding violations of the state speedy trial statute and defects in the grand jury proceedings.

A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Aparicio v. Artuz,* 269 F.3d 78, 95 (2d Cir. 2001).  Martinez cannot succeed on a claim of ineffective assistance of counsel because he has failed to show either that his appellate attorney was unreasonable in declining to include the omitted arguments, or that there is a reasonable probability that Martinez would have obtained a reversal of his conviction had the issues been raised. Omission of non-meritorious issues from an appellate brief does not prejudice a defendant. *See Mayo v. Henderson*, 13 F.3d 528, 534 (2d Cir. 1994); *Angel v. Garvin*, 2001 WL 327150, at *10 (S.D.N.Y. Apr. 3, 2001) (finding that petitioner could not establish prejudice as a result of appellate counsel's failure to raise non-meritorious claim based on insufficiency of the

-10-

evidence). As the trial court found in denying Martinez's C.P.L. § 440.10 motion, the underlying

claims alleging a denial of petitioner's statutory right to a speedy trial and defects in the grand

jury proceedings/indictments were unsubstantiated and without merit. *See* Order Denying C.P.L.

§ 440.10 Motion, Respondent's Exhibit ("Resp't Ex.") C.

Furthermore, Martinez validly waived his right to appeal all issues except his sentence as

part of his bargained-for guilty plea arrangement. *See* Transcript of Plea Hearing at 15, Resp't

Ex. D. Martinez's contentions regarding trial counsel's performance in regard to protecting his

statutory speedy trial right and rights related to the grand jury were encompassed within

Martinez's waiver of his right to appeal inasmuch as the alleged deficiencies did not have any

impact on his plea. *Accord*, *e.g.*, *People v. Epps*, 255 A.D.2d 840, 840, 682 N.Y.S.2d 247, 248

(App. Div. 3d Dept. 1998) (citing, *inter alia*, *People v. Seaberg*, 74 N.Y.2d 1, 10 (N.Y. 1989)).

Martinez has failed to either demonstrate that his appellate counsel's performance was

constitutionally deficient, or that he was prejudiced by the counsel's decision not to include the

claims that Martinez believes should have been raised. Accordingly, Martinez's claim of

ineffective assistance of appellate counsel is dismissed.

## CONCLUSION

For the reasons set forth above, the petition is dismissed with prejudice. Because the

Court finds that petitioner has failed to make a substantial showing of the denial of a

constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. §

2253(c).

**IT IS SO ORDERED**.

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:       March 31, 2008
             Rochester, New York.